UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MYRA KIRK,

        Plaintiff,

                                                      File No.  1:05-CV-112

v.

                                                      HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Defendant.
                                                    /

## O P I N I O N

        This action under the Federal Tort Claims Act ("FTCA"), arises out of a motor vehicle accident between a civilian and a federal employee.  This matter is currently before the Court on Plaintiff's motion for partial summary judgment on the issue of liability.  For the reasons that follow the motion will be granted.

### I.

        The facts relevant to the issue of liability are largely undisputed.  Plaintiff Myra Kirk is a resident of this judicial district.  On November 17, 2000, Plaintiff was driving her vehicle in Arlington, Texas.  She had just turned left onto South Cooper Street at a traffic control signal and was accelerating in the left travel lane when she heard a crash and felt a violent impact from the rear.  Kirk Dep. at 22-25.

        Carina Robinson, then a corporal in the United States Army, was the driver of the vehicle that struck the rear of Plaintiff's vehicle.  At the time of the accident Robinson was

in the course of her duties as an Army Recruiter. Robinson Dep. at 9, 13. Robinson was driving south in the left lane of Cooper Street around dusk. There were no significant weather conditions. *Id.* at 14. Robinson described how the accident occurred:

> I was driving toward the applicant's house. I was in the left-hand lane of the – of the street. I was driving with the flow of traffic. I've never quite remembered where exactly her vehicle was because I did not actually see the vehicle until it was obviously too late. I – I really don't know a lot of the circumstances. I never spoke with her. One minute she was – I didn't see anyone there and the next minute she was there. I hit my brakes and it was obviously too late.

*Id.* at 14-15. Robinson was approximately 50 feet from Plaintiff's vehicle when she first recognized that there was a vehicle in front of her. *Id.* at 22. She could not recall any factors that might have interfered with her ability to see the vehicle in front of her. *Id.* at 20. She did not see any brake lights on the vehicle in front of her. *Id.* at 15. Neither did she see any other lights on the back of the vehicle. *Id.* at 22. Robinson denies doing anything in the vehicle that took her attention away from the road, but she does not know if the vehicle in front of her was moving or sitting still. *Id.* at 16, 22. When asked whether the vehicle just appeared in front of her all of a sudden she responded, "I can't say it just appeared in front of me, but I don't – I didn't see it. And by the time I saw it and hit my brakes I hit – I ended up hitting her." *Id.* at 16. Robinson believes she was driving at 40 or 45 miles per hour. *Id.* at 18. She was issued a ticket for following too closely. *Id.* at 19. She paid the ticket without protest. *Id.* at 20.

Plaintiff filed an administrative claim pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, for personal injuries sustained in the accident. She

subsequently filed this action and the instant motion for partial summary judgment as to liability.

## II.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If the moving party carries its burden of showing there is an absence of evidence to support a claim then the non-moving party must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). In considering a motion for summary judgment, the court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party. *Minges Creek, L.L.C. v. Royal Ins. Co. of America*, 442 F.3d 953, 955-56 (6th Cir. 2006) (citing *Matsushita*, 475 U.S. at 587). The proper inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.


**III.**

Plaintiff contends she is entitled to partial summary judgment on the issue of liability because the undisputed evidence reveals that Robinson negligently caused the accident by failing to maintain an assured clear distance between her vehicle and Plaintiff's vehicle. The government contends that there are issues of fact regarding Robinson's and Plaintiff's negligence that preclude the entry of summary judgment as to liability.

Liability of the United States under the FTCA is determined in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 2672. Because the accident giving rise to this action occurred in Texas, liability must be determined in accordance with the law of Texas.

Texas law requires a driver to maintain an assured clear distance:

> An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on the highway.

Tex. Transp. Code Ann. § 545.062(a) (Vernon 1999). This statute does not create a *per se* negligence. It creates the same duty of reasonable care as under the common law, and in appropriate circumstances may be subject to the sudden emergency defense. *Louisiana-Pacific Corp. v. Knighten*, 976 S.W.2d 674, 675 (Tex. 1998) (per curiam).

The purpose of the sudden emergency doctrine is to excuse conduct which otherwise would be negligence. *Yarborough v. Berner*, 467 S.W.2d 188, 191 (Tex. 1971).

> For one to be afforded the sudden emergency theory of relief of negligent action, the condition or circumstance relied upon must arise suddenly and unexpectedly, must call for action leaving no time for deliberation, and must not be brought about or proximately caused by the negligence of the party seeking to avail himself of the doctrine.

*Deviney v. McLendon*, 496 S.W.2d 161, 166 (Tex. Civ. App. 1973).

The government suggests there are questions for trial as to whether Robinson was faced with a sudden emergency or whether Plaintiff's negligence caused or contributed to the accident. Specifically, the government contends that when the evidence is viewed in the light most favorable to the government there are questions of fact as to whether Plaintiff drove in front of moving traffic without leaving sufficient distance between herself and oncoming traffic; whether Plaintiff did not have lights on the rear of her vehicle at dusk; and whether Plaintiff failed to accelerate properly to move with the flow of traffic.

The only evidence the government relies on to support these "questions of fact" is Robinson's testimony that she did not see Plaintiff's vehicle until it was too late to stop and that she did not see lights on the back of Plaintiff's vehicle. Robinson did not testify that Plaintiff pulled out in front of moving traffic without leaving sufficient distance. Neither did Robinson testify that Plaintiff did not have her lights on, or that Plaintiff was not moving with the flow of traffic. She merely testified that she did not see Plaintiff. She could not explain why. The government's suggestion that Robinson's failure to see Plaintiff's vehicle was the result of Plaintiff's negligence rather than Robinson's own inattention are not supported by any evidence. They are purely conjectural. *See Nickel v. Snider*, 484 S.W.2d 940, 945 (Tex. Civ. App. 1972) (failure of driver to observe headlights is not evidence that

5

headlights were not on). Moreover, the government's suggestions are rebutted by Plaintiff's affidavit stating that she turned onto Cooper while her light was green, that her lights were on, that the traffic was heavy and that she was moving with the speed of traffic. (Kirk Aff. ¶¶ 2-5).

There is no question that Robinson was negligent under Texas law. Robinson failed to keep a sufficient distance between her vehicle and Plaintiff's vehicle to enable her to stop without colliding. Robinson's own testimony supports this finding. Robinson simply testified that one minute she did not see a vehicle, and the next minute there was a vehicle in front of her. Robinson Dep. at 15. She testified that there were no factors that interfered with her ability to see Plaintiff's vehicle. *Id.* at 22. There is not sufficient evidence to create an issue of fact concerning any comparative negligence on the part of Plaintiff. The evidence points to nothing other than the inattention of Robinson as the cause of this accident. Therefore, the only conclusion is that Defendant is liable as a matter of law for causing the accident leading to the instant lawsuit. Accordingly, Plaintiff's motion for partial summary judgment as to liability will be granted.

An order consistent with this opinion will be entered.


Dated:      May 1, 2006              /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE